UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CHARLES JAMES MOOREHEAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-00075-JAR |
| ) | |
| UNITED STATES, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on the applications of self-represented plaintiff Charles James Moorehead to proceed in the district court without prepaying fees and costs. The Court will grant the applications and assess an initial partial filing fee of $1.00. Furthermore, the Court will dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepayment of fees and costs is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the applications, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), a Court must *sua sponte* dismiss an indigent plaintiff's complaint or any portion thereof which (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327).

## The Amended Complaint

Plaintiff brings this 42 U.S.C. § 1983 action against defendants the United States of America and the State of Missouri in their official capacities. He states that the United States and Missouri have "allowed [him] to become convicted of crimes . . . and have failed to acknowledge that [he] is a diplomat and immune to prosecution; having diplomatic immunity ensures [he is] protected by the 5th Amendment of the United States Constitution." He also alleges that being

housed in the Missouri Department of Corrections on the soil of the United States, "I continue to declare R.I.C.O. as the institution is a corrupt organization by means of violating my constitutional rights." Plaintiff alleges defendants have violated his rights secured by the First, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution.

## Discussion

Based on plaintiff's exhibits filed with his amended complaint, on April 10, 2019, plaintiff was charged in Phelps County, Missouri with one count of assault in the first degree, one count of armed criminal action, and one count of unlawful possession of a firearm. He was convicted by a jury of assault in the first degree and armed criminal action. On June 22, 2020, the state court sentenced him to 25 years imprisonment in the Missouri Department of Corrections ("MDOC") for the assault and five years in the MDOC for the armed criminal action, to run consecutively. *See* ECF No. 5-1 at 4.

Plaintiff alleges that he is a diplomat and is immune to prosecution in the State of Missouri and the United States. He has provided no support for this assertion. Based on the amended complaint, the Court finds plaintiff's claims lack an arguable basis in either law or fact, and are frivolous. In particular, plaintiff's assertion that he is entitled to diplomatic immunity is "fanciful," "fantastic," and "delusional." *See Denton* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327). Thus, the Court finds that plaintiff's amended complaint is frivolous and fails to state viable legal claims. The Court will dismiss the amended complaint on initial review. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's applications to proceed in the district court without prepaying fees and costs are **GRANTED**. [ECF Nos. 2 and 7]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's amended complaint is **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel are **DENIED** as moot. [ECF Nos. 3 and 6]

An Order of Dismissal will accompany Memorandum and Order.

Dated this 30th day of June, 2023.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE